UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DURAN ESCOBAR, | No. 2:15-cv-0987-EFB (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have filed cross-motions for summary judgment, which have been submitted without oral argument.[1] For the reasons discussed below, plaintiff's motion is denied, the Commissioner's cross-motion is granted, and the decision of the Commissioner of Social Security is affirmed.

PROCEDURAL BACKGROUND

On January 13, 2012, plaintiff filed an application for DIB alleging disability beginning on April 1, 2009. Administrative Record (AR) at 10, 121-27. Her application was denied initially, *id.* at 82-85, and upon reconsideration. *Id.* at 88-92.

---

[1] This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636(c); ECF Nos. 8 & 22.

1

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on May 10, 2013, at plaintiff was represented by an attorney and testified. *Id.* at 47-48. In a decision issued on July 1, 2013, the ALJ found that plaintiff was not disabled. *Id.* at 20. The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since April 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: impingement syndrome, right shoulder, degenerative disc disease of the cervical spine; mild degenerative disc disease of the lumbar spine; epicondylitis of the right elbow; carpal tunnel syndrome of the right wrist; and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the following: the claimant can frequently perform postural activities; she is limited to frequent overhead reaching with the right upper extremity; and she is limited to occasional handling and fingering with the right hand.
>
> 6. The claimant is capable of performing past relevant work as a laundry worker II. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2009, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 12-20.

On December 3, 2014, the Appeals Council denied plaintiff's request for review, *id.* at 1-3, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g).

/////

/////

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *see also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

/////

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ made "irreconcilable findings" regarding plaintiff's residual functional capacity. ECF No. 20 at 7.[2] Finding of fact number five of the ALJ's decision states that plaintiff's residual functional capacity ("RFC") limits her to only "occasional handling and fingering with the right hand." AR at 13. Plaintiff argues that the ALJ later states in the decision that plaintiff's RFC allows for "frequent handling and fingering with the right hand." *Id.* at 19. Plaintiff argues that because the job of laundry worker II requires frequent handling and fingering, these contradictory findings require that the court find that "substantial evidence does not support the ALJ's step four finding." ECF No. 20 at 8.

It is apparent for the text of the ALJ's discussion and analysis of the medical evidence, however, that the ALJ simply committed a drafting error in initially stating that plaintiff was limited to "occasional" handling and fingering. In the body of the decision that sets forth the ALJ's analysis of the medical evidence, the ALJ stated cogent reasons for the express finding that plaintiff was capable of frequent handling and fingering with the right hand. The ALJ recounted the opinion of examining physician, Dr. Vincente R. Bernabe, who independently examined plaintiff and found, in relevant part, that plaintiff had "[n]o restrictions for fine and gross manipulation[.]" AR at 306. The ALJ gave Dr. Bernabe's opinion "great weight," *id.* at 17, and an examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Furthermore, plaintiff fails to cite to any evidence upon which the ALJ could have found that plaintiff was limited to only "occasional" handling and fingering as opposed to frequent handling and fingering.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

As noted above, if "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." *McCartey*, 298 F.3d at 1075. Here, the record as a whole can reasonably support affirming the Commissioner's decision. Accordingly, for the reasons stated above, the court finds no basis to grant plaintiff's motion for summary judgment.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 20) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21) is granted;

3. The decision of the Commissioner of Social Security is affirmed; and

4. The Clerk is directed to enter judgment in favor of the Commissioner and close the case.

DATED: March 30, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE